IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WEST COAST DISTRIBUTING, INC., | : | CIVIL ACTION NO. **3:CV-09-1323** |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| PREFERRED PRODUCE & FOOD | : | |
| SERVICE, INC., et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On July 10, 2009, Plaintiff, West Coast Distributing, Inc. ("WCD"), a corporation engaged

in the business of buying, selling, and transporting wholesale quantities of fresh fruit and vegetables

in interstate commerce with its principal place of business in Malden, Massachusetts, filed this

action, through counsel, pursuant to the Perishable Agricultural Commodities Act ("PACA"),

7 U.S.C. § 499a, *et seq.* (Doc. 1). Plaintiff paid the filing fee. This Court has jurisdiction over this

case pursuant to 28 U.S.C. § 1343(a) and § 1331. *See Pacific Intern. Marketing, Inc.. v. A&B

Produce, Inc.,* 2007 WL 2253521 (E.D. Pa.).

On December 9, 2009, Plaintiff filed an Amended Complaint. (Doc. 24). In its

Amended Complaint, Plaintiff names as Defendants Preferred Produce & Food Service, Inc.

("PPFS"), Phillip Abdalla, Maurice J. Abdalla, Maurice Abdalla, John Cooper, Paul Cooper, and

Angela Cooper. (Doc. 24, pp. 2-3).[1] Plaintiff's Amended Complaint added the three Cooper Defendants, who were not named in Plaintiff's original Complaint.

On December 21, 2009, Defendant Maurice J. Abdalla, a/k/a Maurice Abdalla, filed a Motion to Dismiss Plaintiff's Amended Complaint under Rule 12(b)(6). **(Doc. 26).** Defendant Maurice J. Abdalla simultaneously filed his support Brief (Doc. 28). On January 5, 2010, Plaintiff filed its Brief in opposition to Defendant Maurice J. Abdalla's Motion to Dismiss. (Doc. 37). On January 19, 2010, Defendant Maurice J. Abdalla filed his Reply Brief. (Doc. 39).

On December 28, 2009, Defendant Phillip Abdalla filed a Motion to Dismiss Plaintiff's Amended Complaint under Rule 12(b)(6). **(Doc. 34).** Defendant Phillip Abdalla filed his support Brief on December 30, 2009. (Doc. 35). On January 11, 2010, Plaintiff filed its Brief in opposition to Defendant Phillip Abdalla's Motion to Dismiss. (Doc. 38). On January 23, 2010, Defendant Phillip Abdalla filed his Reply Brief. (Doc. 41).

On February 8, 2010, Defendants John Cooper, Paul Cooper, and Angela Cooper ("Cooper Defendants") jointly filed a Motion to Dismiss Plaintiff 's Amended Complaint under Rule 12(b)(6). **(Doc. 46).** Cooper Defendants filed their support Brief on February 22, 2010. (Doc. 47). On March 1, 2010, Plaintiff filed a Brief in opposition to Cooper Defendants' Motion to Dismiss. (Doc. 48). On March 9, 2010, Plaintiff filed a second, almost identical, Brief in opposition to Cooper Defendants' Motion, except that Plaintiff attached an additional 2-page argument titled

---

[1]While Plaintiff names as Defendants both Maurice J. Abdalla and Maurice Abdalla, the Motion to Dismiss of Maurice J. Abdalla indicates that he is also known as Maurice Abdalla. (Doc. 26). In its opposition Brief to the Motion of Maurice J. Abdalla, Plaintiff does not dispute that this Defendant is also known as Maurice Abdalla. Thus, we refer to this Defendant as one party.

"Point III" to its second opposition Brief regarding the timeliness of its Amended Complaint. (Doc. 49). Cooper Defendants did not file a reply brief.[2]

The Motions to Dismiss of the two Abdalla Defendants and of the Cooper Defendants (Docs. 26, 34 and 46), *i.e.* the "Individual Defendants," are all ripe for disposition.[3]

We will consider all three dispositive motions (Docs. 26, 34 and 46) in this Report and Recommendation since the Individual Defendants raise essentially the same arguments for dismissal of Plaintiff's Amended Complaint.

## II. Allegations of Plaintiff's Amended Complaint.

Plaintiff asserts five counts against Defendants. In Count I under the PACA, Plaintiff alleges that it is seeking to enforce its rights "as an unpaid seller of perishable agriculture commodities in interstate commerce and for damages for violation of section 2(4) of the PACA under 7 U.S.C. § 499b(4)." (Doc. 24, p. 3, ¶ 8.). Plaintiff avers that between July 1, 2005 and July 13, 2005, it sent Defendant PPFS, *via* interstate commerce, "pursuant to partly oral and partly written, delivered price-after-sale contracts," three shipments of fresh grapes. (*Id*., p. 4, ¶ 9.). Plaintiff avers that is shipped Defendant PPFS the type and quantity of grapes called for in the contracts, and that its grapes were delivered to and accepted by Defendant PPFS after they were federally inspected and met the applicable USDA grade and conditions. Plaintiff states that under

---

[2]To date, Defendant PPFS has not responded to Plaintiff's Amended Complaint. On April 6, 2010, we issued an Order directing Plaintiff to file a Status Report regarding Defendant PPFS. On April 9, 2010, Plaintiff filed its Status Report and stated that it intended to take default judgment as against Defendant PPFS. (Doc. 51).

[3]The undersigned has been assigned this case for all pre-trial matters.

the price-after-sale contracts it had with Defendant PPFS, which were issued under the PACA, "Defendants were required to promptly sell Plaintiff's grapes at prices reflecting both the prevailing market prices and the quality of the grapes at time of delivery to Defendant [PPFS]." (*Id.*, ¶ 12.).[4] Specifically, Plaintiff's first Invoice (#W52043A) indicates that Defendant PPFS ordered 2070 cartons containing 18 lb. bags of white grapes on June 27, 2005, and that they were shipped that same day to Defendant PPFS. The Sale Term was "Price After." (Doc. 2, p. 3). The Pay Term on the Invoice was "N10," which Defendants indicate is an abbreviation for "Net 10 days." In fact, Plaintiff avers that Defendant PPFS was required to sell Plaintiff's grapes at the prevailing market price and to then pay that price to Plaintiff within 10 days. (Doc. 24, p. 5, ¶ 15.). Plaintiff's second Invoice (#W52137A) indicates that Defendant PPFS ordered 2040 cartons containing 18 lb. bags of white grapes on July 6, 2005, and that they were shipped that same day to Defendant PPFS. The Sale Term was "Price After." The Pay Term on the Invoice was "N10." (Doc. 2, p. 1). Plaintiff's third and final Invoice (#W52183A) indicates that Defendant PPFS ordered 1540 cartons containing 18 lb. bags of red grapes on July 7, 2005, and that they were shipped that same day to Defendant PPFS. The Sale Term was "Price After." The Pay Term on the Invoice was "N10." (Doc. 2, p. 2).[5]

---

[4] Plaintiff refers to "Defendants" in its ¶ 12. of its amended pleading but it fails to specify which other Defendants in addition to PPFS it is claiming breached the price-after-sale contracts it had with PPFS under the PACA. We find that Counts I and II of Plaintiff's Amended Complaint are only against Defendant PPFS and not against the Individual Defendants.

[5] We consider Plaintiff's three Invoices. As noted by the Court in *White v. Probation Office*, 2008 WL 3837045, *1, n. 3 (M.D. Pa.):

Plaintiff states that based on the average market price for grapes at the relevant time of its shipment to Defendant PPFS, its grapes had a total market value of $118,240.00. (Doc. 24, p. 5, ¶ 14.).

Plaintiff then concludes its Count I and avers as follows:

> 15. Pursuant to the rules and regulations governing the handling of produce shipments by receivers such as Preferred, Defendants were required to promptly sell the delivered grapes at then prevailing market prices, and, within 20 days after arrival and acceptance of the commodities, truly and promptly account to Plaintiff for their sales of the grapes, negotiate a price to be paid for such grapes and then pay such price within 10 days of the setting.

> 16. Defendants, in violation of their statutory duties under the PACA and their duties under the price-after-sale contracts, failed to promptly and properly sell Plaintiff's grapes, failed to sell said grapes at prices reflecting their true market value, failed to truly and promptly account to Plaintiff for their handling of the grapes, and failed to set and pay a good faith price for Plaintiff's grapes, all to Plaintiff's damage in the sum of $94,592.00 plus interest and the fees and costs of this action.

(*Id.*, ¶'s 15.-16.).

In Count II, Plaintiff alleges that since Defendant PPFS accepted its shipment of the grapes, Plaintiff became a beneficiary of the res of assets held by Defendant PPFS pursuant to Defendant's duties as Statutory Trustee under the PACA Statutory Trust contained in 7 U.S.C.

---

> "[t]he court may consider documents of record and exhibits submitted by the parties when evaluating a motion to dismiss. *See Tilbury v. Aames Home Loan*, 199 F. App'x 122, 125 (3d Cir.2006) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n. 2 (3d Cir.1994)) (observing that a court may consider exhibits submitted by the parties when ruling on a motion to dismiss)."

§ 499e(c). Plaintiff avers that the trust was administered by the Individual Defendants. (*Id.*, p. 6). Plaintiff alleges that "Defendant [PPFS], while under the direction and control of the Individual Defendants, failed and/or refused to pay Plaintiff for the commodities received and accepted, yet continued to hold and use assets constituting the PACA Statutory Trust res which are held for Plaintiff's benefit." (*Id.*, pp. 6-7). Plaintiff concludes Count II and avers as follows:

> 21.  Defendant Preferred's failure to pay Plaintiff for the commodities sold and delivered to, and accepted by said Defendant constitutes a continuing violation of Sections 2 & 5 of the PACA and PACA regulations, is unlawful, and said Defendant is in breach of the statutory and fiduciary obligations imposed upon it as statutory trustee, all to Plaintiff's damage in the sum of $94,592.00 plus interest.

(*Id.*, p. 7, ¶ 21.).

We agree with the Abdalla Defendants that Plaintiff's Count I and Count II are asserted only against Defendant PPFS. We do not find, as the Cooper Defendants seem to indicate, that Counts I and II are also against the Individual Defendants.

In Count III, Plaintiff alleges that any personal assets which the Individual Defendants commingled with the PACA Trust res held by Defendant PPFS for its (Plaintiff's) benefit constitutes a substituted, resultant trust res for its (Plaintiff's) benefit. (*Id.*, pp. 7-8).

In Count IV, Plaintiff avers that the Individual Defendants were the corporate officers and directors of Defendant PPFS during the relevant times and that they exercised primary operational control over PPFS. Further, Plaintiff alleges as follows:

> 30.  Said individual Defendants were at all times under statutory obligation to insure that Defendant Preferred complied with its statutory obligations, including but not limited to its fiduciary obligations under the PACA Trust, and were obligated to protect the assets of said corporation from dissipation, including and especially the PACA Trust res being held

6

by Preferred for the benefit of Plaintiff as above alleged, and were responsible for causing said corporation to fulfill its obligations to Plaintiff in accordance with the PACA and the contracts of sale under which said corporate defendant obtained Plaintiff's commodities and services.

31.    Plaintiff is informed and so alleges that the named Individual Defendants, in breach of their duties under the PACA and the PACA Trust, have failed to maintain Preferred's assets in the manner required by the PACA, have failed to cause the corporate defendant to promptly discharge its fiduciary obligations to Plaintiff, and/or have knowingly diverted and/or converted PACA Trust assets held by Preferred to their own use and/or have dissipated said Trust rest, and are therefore jointly and severally liable to Plaintiff for any and all sums found to be due Plaintiff on account of the transactions hereinabove alleged.

(*Id.*, pp. 8-9, ¶'s 30.-31.).

Plaintiff's final claim is Count V which alleges that the Individual Defendants illegally transferred the assets which Defendant PPFS held in trust for it (Plaintiff) under the PACA to themselves or others. (*Id.*, p. 9). Plaintiff demands an accounting and return of all assets which the Individual Defendants acquired with the proceeds they allegedly took from Defendant PPFS when Plaintiff's grapes were sold, and Plaintiff demands that the Court direct the Individual Defendants to hold such assets in constructive trust for its benefit. (*Id.*).

We find that Plaintiff's Count III, Count IV and Count V are against the Individual Defendants.

As relief, Plaintiff seeks, in part, $94,592.00 in compensatory damages as well as declaratory judgment that Defendants violated the PACA, and that all Defendants be held jointly, severally and individually liable to it for its losses. (*Id.*, p. 10).

### III. **Motion to Dismiss Standard.**

The Court in *Williams v. Hull,* 2009 WL 1586832, *2-*3 (W.D. Pa. 2009), set forth the Motion to Dismiss standard of review, as annunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. –, 127 S. Ct. 1955 (2007), and as refined in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), as follows:

> The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. *Neitzke; Scheuer v. Rhodes*, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, ----, --- L.Ed.2d ----, ----, 2009 WL 1361536 (May 18, 2009) (specifically applying *Twombly* analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) citing *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir.1997). Nor must the court accept legal conclusions set forth as factual allegations. *Twombly*, 550 U.S. at 556, citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.
>
> In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." *Smith v. Sullivan*, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery

will reveal evidence of the necessary element." *Phillips*, 515 F.3d at 232, quoting *Twombly*, 550 U.S. at 556 n. 3.

## IV. Discussion.

The Individual Defendants, for the most part, argue that all three Invoices at issue in this case became due on September 5, 2005. They concede that individual officers who are in a position to control PACA assets may be held individually liable for breaching their fiduciary duties under the PACA. They state that the Third Circuit has held that since the PACA does not contain a limitations period for breach of fiduciary duty claims, Pennsylvania law is utilized, namely 42 Pa. C.S.A. §5542(7), which provides that a claim for breach of duty must be brought within two years of the act giving rise to said claim. Thus, the Individual Defendants state that claims for breach of fiduciary duty under the PACA must be brought within two years of the date the claim accrues. The Individual Defendants state that all of Plaintiff's claims against them are based upon their alleged breach of fiduciary duties under the PACA, and that all of Plaintiff's claims in this case accrued when the three Invoices became due and were not paid, *i.e.* September 6, 2005. The Individual Defendants contend that since Plaintiff did not commence action against them until July 10, 2009, when it filed its original Complaint (Doc. 1), and since all claims against them arose out of their alleged breach of fiduciary duties, the statute of limitations expired before Plaintiff ever filed its claims. As indicated above, Plaintiff did not commence its claims against the Cooper Defendants until December 9, 2009, when it filed its Amended Complaint. (Doc. 24).

The Individual Defendants also argue that with corporations which have multiple shareholders, it is not enough for Plaintiff to conclude that they all had obligations to control the

day-to-day operations of the corporation and that they were all in positions of control by virtue of their positions. Rather, they essentially state that "a Plaintiff [must] show an individual's active involvement in the corporation in order to impose individual liability. Mere status as a shareholder or officer does not suffice to establish liability." *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*, 2008 WL 4710920, *6 (E. D. Pa.).

In *Pacific Intern. Marketing, Inc. v. A&B Produce, Inc.*, 2007 WL 2253521, *5 (E. D. Pa.), the Court stated:

> "Congress enacted PACA in 1930 to deter unfair business practices and promote financial responsibility in the perishable agricultural goods market." *Weis-Buy Services, Inc. v. Paglia, Jr.*, 411 F.3d 415, 419 (3d Cir.2005) ( *quoting Farley and Calfree, Inc. v. United States Dep't. of Agric.*, 941 F.2d 964, 966 (9th Cir.1991)). "The Act was amended in 1984 upon a finding by Congress that a burden on commerce in perishable agricultural commodities was caused by certain financial arrangements, whereby dealers would receive goods without having made payment for them. To remedy this burden, Congress provided for a statutory trust on behalf of unpaid suppliers or sellers." *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F.Supp. 346, 347 (S.D.N.Y.1993). Under PACA, "[c]ommission merchants, dealers and brokers are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities. Any act or omission which is inconsistent with this responsibility, including dissipation of trust assets, is unlawful and in violation of Section 2 of the Act, 7 U.S.C. § 499(b)". 7 C.F.R. §46.46(d)(1).

The Court in *Pacific Intern. Marketing* held, as the Individual Defendants state, that individual corporate officers may be liable in certain circumstances for breaching their fiduciary duties under the PACA. Specifically, the Court stated:

> The question now before me is whether, under PACA, an individual can be held liable to unpaid sellers for a corporation's debt. The Third Circuit is in accord with the First, Fifth, Seventh, and Ninth Circuits in holding

individual corporate officers and shareholders, in certain circumstances, may be held individually liable for breaching their fiduciary duties under PACA. *See Weis-Buy Services, Inc.,* 411 F.3d at 421. *See also Botman International, B.V. v. International Produce Imports, Inc.,* 205 Fed.Appx. 937, 942 (3d Cir.2006). "... PACA liability attaches first to the licensed seller of perishable agricultural commodities. If the seller's assets are insufficient to satisfy the liability, others may be found secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust." *Shepard v. K.B. Fruit & Vegetable, Inc.,* 868 F.Supp. 703, 706 (E.D.Pa.1994). *See also Sunkist Growers, Inc. v. Fisher,* 104 F.3d 280 (9th Cir.1997); *Patterson Frozen Foods, Inc. v. Crown Foods International, Inc.,* 307 F.3d 666 (7th Cir.2002); *Hiller Cranberry Products, Inc. v. Koplovsky,* 165 F.3d 1, 9 (1st Cir.1999). The court in *Shepard* concluded that "the liability determination of individual shareholders should be based on two factors: (1) whether the individuals' involvement with the corporation was sufficient to establish legal responsibility, and (2) whether the individuals, in failing to exercise any appreciable oversight of the corporation's management, breached a fiduciary duty owed to the PACA creditors". *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.,* 217 F.3d 348, 350 (5th Cir.2000).

*Id.,* * 5.

In *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.,* 2008 WL 4710920, *6 (E. D. Pa.), the

Court held:

The cases cited by the Third Circuit have consistently expressed concern that liability only be imposed where involvement with the corporation is sufficient to establish some significant relationship between the individual and the corporation. Only if the plaintiff can demonstrate that such a relationship existed through evidence of active involvement, not simply evidence that the defendant was in a position of control, can the individual be held legally responsible for acting on behalf of the corporation.

In the instant case, as detailed above, for present purposes[6], we find that Plaintiff WCD Coast has sufficiently alleged the Individual Defendants were in control of and actively involved in Defendant PPFS, and that they were in control of the PACA trust assets of Defendant PPFS. However, we agree with the Individual Defendants that all of Plaintiff's claims against them in Count IV of the Amended Complaint are based on their alleged breach of fiduciary duties under the PACA.

We agree with the Individual Defendants that Plaintiff's claims against them under the PACA for breach of fiduciary duty asserted in Count IV of the Amended Complaint are subject to a two year statute of limitations and that they are time barred. We do not agree with Plaintiff that the applicable statute of limitations in this case "is the same statute which governs the claim against the corporate Defendant under UCC 2-725; four years." (Doc. 37, p. 3). Plaintiff's claims against the Individual Defendants under the PACA in Count IV of the Amended Complaint, as detailed above, are clearly claims for breach of fiduciary duty.

In *Botman Intern., B.V. v. Intern. Produce Imports, Inc.*, 205 Fed. Appx. 937, 942 (3d Cir. 2006), the Court stated:

> A PACA trustee is responsible for ensuring that the assets subject to the PACA trust actually are held in trust. In addition, an individual corporate officer who fails to do so may be found to have breached the fiduciary duty of care owed to the trust beneficiary. *Weis-Buy Services, Inc. v. Paglia*, 411 F.3d 415, 420-21 (3d Cir. 2005). Trust assets need not be segregated, however, and accounts receivable are included in the calculation of assets available to the beneficiary. 7 U.S.C. § 499e(c)(2); 7 C.F.R. § 46.46(b). The trustee must also see to it that the assets are

---

[6]We are presented with motions to dismiss. In *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*, the court dealt with a summary judgment motion.

made "freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." 7 C.F.R. § 46.46(d)(1). In explaining its regulations, the Department of Agriculture has noted that "[i]t is the buyer's or receiver's responsibility as trustee to insure that it has sufficient assets to assure prompt payment...." 49 Fed.Reg. 45738 (Nov. 20, 1984). Thus, the duty to ensure that the relevant receivables are collected must fall squarely on the trustee, who is responsible for making the assets "freely available," not merely hypothetically reachable.

We concur with the argument of the Individual Defendants (Doc. 39, p. 2) that Plaintiff's reliance upon a 1991 Ninth Circuit Bankruptcy Appeal Panel unreported decision, *In Re Paul Shipton*, BAP No. CC-90-1366-OVP, to support its position that as corporate principals of Defendant PPFS, the obligations of the Individual Defendants "were primarily statutory, not necessarily fiduciary", is completely misplaced and contrary to the Third Circuit's reported decision in *Weis-Buy Services, Inc. v. Paglia*, 411 F. 3d 415 (3d Cir. 2005). (Doc. 37, p. 2). In *Weis-Buy Services, Inc. v. Paglia*, the Court held:

Individual liability in the PACA context is not derived from the statutory language, but from common law breach of trust principles. *Sunkist Growers,* 104 F.3d at 282 ("Ordinary principles of trust law apply to trusts created under PACA ...."). "Under the common law, the trustee of a trust is under a duty to the beneficiary in administering the trust to exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property." *Shepard v. K.B. Fruit & Vegetable,* 868 F.Supp. 703, 706 (E.D.Pa.1994). Liability arising from this duty is distinct from the liability that arises when the corporate veil is pierced:

An individual who is in the position to control the [PACA] trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act. This legal framework is to be distinguished from the piercing the veil doctrine, where the corporate form is disregarded because the individual has either committed a fraud, or because the corporation is a "shell" being used by the individual shareholders to advance their own purely

personal rather than corporate ends.

*Morris Okun, Inc. v. Harry Zimmerman, Inc.,* 814 F.Supp. 346, 348 (S.D.N.Y.1993).

We join those circuits that have already addressed this issue and hold that individual officers and shareholders, in certain circumstances, may be held individually liable for breaching their fiduciary duties under PACA. *See Patterson Frozen Foods,* 307 F.3d at 669; *Golman-Hayden Co.,* 217 F.3d at 351; *Hiller Cranberry Prods. v. Koplovsky,* 165 F.3d 1, 9 (1st Cir.1999); *Sunkist Growers, Inc.,* 104 F.3d at 283.

*Id.* at 421.

Thus, we agree with the Individual Defendants that their obligations under the PACA are fiduciary duties and Plaintiff's instant claims against them in Count IV of the Amended Complaint assert that these Defendants breached their fiduciary duties. Therefore, as in *Weis-Buy Services*, prior to the Court determining if Plaintiff has sufficiently alleged that the Individual Defendants are individually liable for breaching their fiduciary duties under the PACA, it must decide if Plaintiff commenced this case within the applicable statute of limitations.

In *Weis-Buy Services*, the Court stated:

Because PACA does not set forth a limitations period for breach of fiduciary duty claims, we look to Pennsylvania law, which provides that such claims must be brought within two years of the date the claim accrues. 42 Pa.C.S.A. § 5524(7); *see also In re Mushroom Transp. Co.,* 382 F.3d 325, 336 (3d Cir.2004) (recognizing a two-year statute of limitations for breach of fiduciary duty claims); *Maillie v. Greater Del. Valley Health Care, Inc.,* 156 Pa.Cmwlth. 582, 628 A.2d 528, 532 (1993) (acknowledging that 42 Pa.C.S. § 5524(7) is the applicable statute for proceedings based upon breach of a fiduciary duty). Therefore, Sellers claims will only be timely if the Sellers brought them within two years of accrual, or if the statute of limitations was tolled.

Generally, the statute of limitations begins to run on a breach of fiduciary duty claim when the trustee openly and unequivocally violates his duties.

14

> *Philippi v. Philippe,* 115 U.S. 151, 157, 5 S.Ct. 1181, 29 L.Ed. 336 (1885) ("[T]he statute of limitations will begin to run from the time such repudiation and claim came to the knowledge of the beneficiary."); *United States v. Rose,* 346 F.2d 985, 989-990 (3d Cir.1965) ("The statute of limitations begins to run against the trust beneficiary with respect to a suit against the express trustee, if at all, when he knows the trust has been repudiated or reasonably should have known it.").

*Id.* at 422 (footnote omitted).

The Court in *Weis-Buy Services* found that the statute of limitations ("SOL") began to run with respect to claims under the PACA against the individual officers (trustees) seeking damages for their alleged breach of their fiduciary duties "from the time that the trustees] openly repudiates those duties." *Id.* at 423.

We agree with the Individual Defendants in our case that Plaintiff was on notice that they were allegedly in breach of their fiduciary duties when Defendant PPFS and its officers failed to pay Plaintiff for the grapes they received, as reflected in Plaintiff's three Invoices. The date that Plaintiff's Invoices became overdue is September 6, 2005, as the Individual Defendants state. As the Court in *Weis-Buy* stated, "once [Defendant company] and its officers failed to pay Sellers for the good received, Sellers were on notice that the trustees were in breach of their fiduciary duties." *Id.* at 423.

Plaintiff did not commence this action against the Abdalla Defendants until July 10, 2009 (Doc. 1), and Plaintiff did not commence its action against the Cooper Defendants until December 9, 2009 (Doc. 24). Thus, we find that Plaintiff's claims against the Individual Defendants for damages under the PACA resulting from a breach of their fiduciary duties , *i.e.* Count IV (Individual Liability) of Amended Complaint, are time barred. Therefore, we will recommend that the Motions

to Dismiss of the Individual Defendants be granted with respect to Count IV of Plaintiff's Amended Complaint and that Count IV be dismissed with prejudice.[7]

With respect to Plaintiff's remaining claims against the Individual Defendants in Count III (Resultant Trust) and Count V (Constructive Trust & Disgorgement) of the Amended Complaint the *Weis-Buy* Court stated:

> We recognize that the trust created by PACA exists until a seller is paid, 7 U.S.C. § 499e(c)(2), and "[p]articipants who preserve their rights to benefits ... remain beneficiaries until they are paid in full," 7 C.F.R. 46.46(c)(2). However, when Sellers are not suing to enforce the trust obligations or to preserve their shares of the trust *res,* but instead are suing the trustee in tort for damages resulting from a breach of his fiduciary duties, we believe that the statute of limitations must accrue from the time that the trustee openly repudiates those duties. FN4
>
> > FN4. We emphasize that the statute of limitations applies to actions against the trustee for breach of fiduciary duty.

*Id.*

As the *Weis-Buy* Court noted, "the statute of limitations applies to actions against the trustee for breach of fiduciary duty." *Id.* at n. 4. Since our Plaintiff is also suing the Individual Defendants to preserve its shares in the trust res (Count III) and to require Defendants to hold all assets they received from PPFS in constructive trust (Count V), we do not find that these claims are time barred. We do not agree with the Individual Defendants that Plaintiff's claims against them in Counts III and V are remedies only imposed based on their alleged breach of their fiduciary duties under PACA, and hence, time barred by the two year statute of limitations.

---

[7]We disagree with Plaintiff that the Individual Defendants are only moving to dismiss Count IV of its Amended Complaint, and we find that these Defendants also move to dismiss Count III and Count V of the Amended Complaint.

The *Weis-Buy* Court stated, "the trust created by PACA exists until a seller is paid" and, that "participants who preserve their rights to benefits ... remain beneficiaries until they are paid in full." *Id*. at 423. We find that Plaintiff is suing the Individual Defendants in Counts III and V to enforce their trust obligations and to preserve its shares of the trust res. We do not find that Plaintiff's claims against the Individual Defendants in Counts III and V, as detailed above, are only based on their alleged breach of fiduciary duties. Plaintiff's claims in Count III and V allege the Individual Defendants' participation in wrongful acts, namely, by commingling assets of the PACA trust res with their own personal assets and by using PACA trust assets for their own benefit (Count III), and by improperly and illegally transferring property and assets which Defendant PPFS held in trust under PACA to themselves or others (Count V). Thus, we find that Plaintiff's Counts III and V against the Individual Defendants assert claims to enforce trust obligations and to preserve shares of the trust res, and that they are separate and distinct from Plaintiff's claims against these Defendants in Count IV for damages due to their alleged breach of their fiduciary duties under PACA.

In *Bear Mtn. Orchards, Inc. v. Mich-Kim, Inc.*, 2008 WL 4710920, *5 (E.D. Pa.), the Court quoted from an earlier E.D. PA. case and stated, "PACA liability attaches first to licensed seller of perishable agricultural commodities. If the seller's assets are insufficient to satisfy liability, others may be found secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust. *Shepard v. K.B. Fruit & Vegetable, Inc.,* 868 F.Supp. 703, 706 (E.D.Pa.1994)."

In *Baiardi Food Chain v. U.S.*, 482 F. 3d 238, 241 (3d Cir. 2007), the Court stated that "Congress amended the PACA in 1984 to add a section providing for a statutory trust to benefit unpaid suppliers of fresh produce. 7 U.S.C. § 499e(c)."

The *Baiardi Food Chain* Court also stated:

> The trust consists of the perishable agricultural commodities received, all inventories of food or other products derived from the perishable commodities received, and any receivables or proceeds from the sale of such commodities or products. The trust holds all proceeds and receivables from the sale of produce by a dealer until the dealer pays the seller the full purchase price. 7 U.S.C. § 499e(c). The trust thus provides an additional remedy for sellers against a buyer failing to make prompt payment. *Idahoan Fresh,* 157 F.3d at 199 (citing H.R.Rep. No. 98-543, at 2 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 405, 406). "Prior to this amendment, unpaid produce suppliers were unsecured creditors vulnerable to the buyers' practice of granting other creditors a security interest in their inventory and accounts receivable." *Id.* (citing *Tom Lange Co. v. Lombardo Fruit & Produce Co. (In re Lombardo Fruit & Produce Co.),* 12 F.3d 806, 808-09 (8th Cir.1994)).
>
> Section 2 of the PACA imposes several strict requirements on regulated buyers and sellers. As stated above, section 2(4) mandates that all regulated parties "make full payment promptly" for all produce purchases. 7 U.S.C. § 499b(4). By regulation promulgated by the Secretary of Agriculture, "full payment promptly" requires that produce buyers make payment within ten days of the date on which the produce is accepted, unless otherwise expressly agreed in writing by the parties to the sale prior to the time of the transaction. 7 C.F.R. §§ 46.2(aa)(5), (11). Regulated parties must adhere to the "full payment promptly" provisions of the PACA to keep the transaction under the provisions of the trust. However, the regulations permit the parties to agree in writing before the transaction to other payment periods that do not exceed thirty days and still remain under the trust. 7 C.F.R. § 46.46(e)(2).

*Id.* at 241-42.

In *Edward G. Rahll & Sons, Inc. v. Zach*, 2008 WL 2944672, *1 (M.D. Pa.), the Court stated, "the [PACA], 7 U.S.C. § 499e(c)(2), imposes a statutory floating trust on all perishable agricultural

commodities and on all receivables or proceeds derived from the sale thereof," and that "unpaid sellers may receive equitable enforcement of the trust upon an evidentiary showing that (1) 'the trust is being depleted' and (2) 'the likelihood is great that there will be no fund available to satisfy a legal judgment against the delinquent buyer.'"

The *Edward G. Rahll & Sons* Court noted that, "PACA requires seller-beneficiaries to preserve their interest in the trust corpus either by providing written notice of their intent to enforce trust benefits after a buyer fails to remit payment for produce, *see* 7 U.S.C.§ 499e(c)(3), or by notifying buyers of the existence of the trust via the sellers' "usual billing or invoice statements," *Id*. § 499e(c)(4)." *Id*., n. 1.

In our case, as stated, Plaintiff notified Defendant PPFS of the existence of the trust through its three Invoices. (Doc. 2).

We agree with Plaintiff (Doc. 37, p. 4) and find that it has alleged that the affirmative acts of the Individual Defendants as stated in Counts III and V of its Amended Complaint constitute continual unlawful acts since Plaintiff preserved its interest in the trust *via* its Invoices, since the trust under the PACA still exists, since Plaintiff avers that the Individual Defendants commingled trust assets with their own assets and, since Plaintiff has not yet been paid for its grapes. *See Botman Intern., B.V. v. Intern. Produce Imports, Inc.*, 2006 WL 263619, *4 (E. D. Pa.)("The PACA statute was enacted to protect sellers of perishable produce and to ensure payment of the goods they deliver.") citing *Weis-Buy*, 411 F. 3d at 420. Thus, we find that Plaintiff's claims against the

Individual Defendants in Counts III and V of the Amended Complaint are not time barred based on the continuing violations doctrine.[8]

## V. Recommendation.

Based on the foregoing, we respectfully recommend that the Individual Defendants' Motions to Dismiss **(Docs. 26, 34 and 46)** be granted with respect to Count IV of Plaintiff's Amended Complaint, and that Plaintiff's claims against these Defendants for breach of fiduciary duties under PACA be dismissed with prejudice since they are time barred.[9] We recommend that Defendants'

---

[8]In *Weis-Buy*, the Court quoted from its decision in *Cowell v. Palmer Tp.*, 263 F. 3d 286, 293 (3d Cir. 2001), and stated that "the focus of the continuing violations doctrine is on affirmative acts of the Defendants" and, that "a continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation."(citation omitted). 411 F. 3d at 423.

[9]Pursuant to our above discussion, we find futility of any amendment of Plaintiff's stated claims against the Individual Defendants in Count IV since they are time barred, and we shall not recommend Plaintiff be granted leave to again amend its pleading with respect to its claims in Count IV. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004); *Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, *2 (M.D. Pa.).

Motions to Dismiss be denied with respect to Counts III and V of Plaintiff's Amended Complaint. Additionally, we recommend that this case be recommitted to the undersigned for further proceedings, including scheduling a joint case management conference.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: April 16, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WEST COAST DISTRIBUTING, INC., | : | CIVIL ACTION NO. **3:CV-09-1323** |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| PREFERRED PRODUCE & FOOD | : | |
| SERVICE, INC., et al., | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **April 16, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

22

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: April 16, 2010**