```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

WEST COAST                          :    No. 3:09cv1323
DISTRIBUTING, INC.,                 :
         **Plaintiff**      :    (Judge Munley)
                                    :
         v.                  :
                                    :    (Magistrate Judge Blewitt)
PREFERRED PRODUCE &                 :
FOOD SERVICE, INC.; PHILLIP         :
ABDALLA; MAURICE J. ABDALLA;        :
JOHN COOPER; ANGELA                 :
COOPER; and PAUL COOPER;            :
         **Defendants**     :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

     Before the court for disposition is the report and recommendation of Magistrate Judge Thomas M. Blewitt regarding the motions to dismiss filed by the individual defendants. Defendants John, Paul and Angela Cooper filed objections to the Magistrate Judges report and recommendation. The matter is ripe for disposition.

**Background**

     Between July 1, 2005 and July 13, 2005, Plaintiff West Coast Distributing, Inc. made three shipments of fresh grapes to Defendant Preferred Produce & Food Service, Inc. ("Preferred") pursuant to partly oral/partly written, price-after-sale contracts made between July 1, 2005 and July 13, 2005. (Doc. 24, Amended Complaint at ¶ 9). Plaintiff avers that the shipments were made and delivered according to the contracts. (Id. at ¶ 9; see also Doc. 2, Plaintiff's Ex. A, invoices). The terms of the price-after-sale agreement(s), as well as the rules and regulations governing produce shipments, required Preferred to promptly sell the produce at prevailing market prices, to "truly and promptly account" to the

provider within twenty (20) days after arrival and acceptance of the produce, and to negotiate a price to be paid to the provider within ten (10) days after setting the sale price. (Id. at ¶ 15).

After the delivery and acceptance of the grape shipments, plaintiff sent Preferred invoices covering the shipments, which contained the sale terms and the language required for the grapes to be covered under the Perishable Agricultural Commodities Act, (hereinafter "PACA"). (Id. at ¶ 19).

Congress enacted PACA "in 1930 to promote fair trading and practices in the marketing of perishable agricultural commodities, largely fruits and vegetables." Consumer Produce Co., Inc. v. Volante Wholesale Produce Inc., 16 F.3d 1374, 1377-78 (3d Cir. 1994). The statute was amended in 1984 to create a statutory trust for the benefit of unpaid produce suppliers. Id. at 1378. "Under the trust provision, commission merchants, dealers, and brokers who receive perishable agricultural commodities hold them in trust for produce suppliers until the suppliers are fully paid. " Id.

Plaintiff asserts that its shipments of grapes are entitled to the protections of a PACA statutory trust. (Doc. 24, Amended Complaint at ¶ 18). Plaintiff alleges that Defendant Preferred has failed to pay for the shipments of grapes and continues to hold and use Plaintiff's assets. (Id. at ¶ 20). Plaintiff claims that Defendants Philip and Maurice Abdalla were the "corporate officers and directors" of Preferred during the time these actions took place, and that Defendants John, Angela and Paul Cooper were "principals" of Preferred during that time (hereinafter the Abdalla Defendants and Cooper Defendants will be referred to collectively as the

"individual defendants") (Id. ¶¶ 5 - 6). The individual defendants are alleged to be "responsibly connected" with Preferred, and to have operated, managed, and controlled Preferred. (Id.) Assets resulting from the grape shipments have allegedly been removed from a statutorily created PACA trust to which Defendant Preferred was trustee, and have been transferred illegally and/or commingled with the personal property of the individual defendants for their own benefit. (Id. ¶¶ 25 - 26).

Plaintiff West Coast filed a complaint on July 10, 2009 naming Corporate Defendant Preferred and Individual Defendants Philip Abdalla, Maurice J. Abdalla, and Maurice Abdalla (Doc. 1, Complaint).[1] On December 9, 2009, Plaintiff filed an amended complaint adding John Cooper, Paul Cooper, and Angela Cooper, who were not named as defendants in the original complaint. The complaint is comprised of the following five counts: Count 1, Contract/PACA claims; Count II, PACA Trust claim; Count III, Resultant/Commingled Trust claim; Count IV, Individual Joint and Several PACA Liability claim; and Count V, Constructive Trust and Disgorgement/Illegal Transfer of Assets claim. Counts I and II are directed at the corporate defendant and Counts III, IV and V are directed at the individual defendants.

The individual defendants filed three separate motions to dismiss. (Docs. 26, 34, and 46). Magistrate Judge Blewitt addressed all three motions in the instant report and recommendation. Magistrate Judge Blewitt recommends dismissing Count IV based upon the statute of

---

[1] Maurice Abdalla and Maurice J. Abdalla have since been determined to be the same individual. (See Doc. 52, Report and Recommendation at 2 n.1).

3

limitations and denying the motions to dismiss with regard to Counts III and V. The Cooper Defendants filed objections to the recommendation that Counts III and V be dismissed. (Doc. 53).[2]

**Jurisdiction**

As this case is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.* for unlawful employment discrimination, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the

---

[2]No objections have been filed with regard to the suggestion that Count IV be dismissed based upon the statute of limitations. Therefore, in order to decide whether to adopt the report and recommendation, we must determine whether a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983); 28 U.S.C. § 636(b)(1).
After a careful review, we find neither a clear error on the face of the record nor manifest injustice, and therefore, we shall adopt the report and recommendation with regard to Count IV.

4

findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

This case is before the court pursuant to defendants' motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232

5

(citation omitted). "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

The Cooper Defendants (hereinafter "defendants") object to the magistrate judge's suggestion that their motion to dismiss should be denied with respect to Counts III and V. The defendants assert that these two causes of action are barred by the statute of limitations. After a careful review, we disagree.

The issues raised by the defendants' objections necessitate a discussion of the statute of limitations and the continuing violation theory. The continuing violation theory is an equitable exception to the statute of limitations. Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir.2001). Under the continuing violation doctrine, "'when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act

evidencing the continuing practice falls within the limitations period.'" Id. (quoting Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991)). "A continuing violation is occasioned by continual unlawful acts, not continual ill effects from the original violation." Weis-Buy Services, Inc. v. Paglia, 411 F.3d 415, 423 (3d Cir. 2005) (internal citation and quotation marks omitted).

In Weis, the Third Circuit addressed the continuing violation theory with respect to claims made under PACA. It held that the continuing violation theory does not apply to extend the statute of limitations for a cause of action brought in tort for damages resulting from a breach of the PACA trustees fiduciary duties. Id. The statute of limitations for such an action is two (2) years and is not extended by the continuing violations theory. Id.

The magistrate judge applied this reasoning to recommend the dismissal of Plaintiff's Count IV, which alleges breach of fiduciary duty by the individual defendants. The magistrate judge suggests that Counts III and V do not seek tort damages for breach of a fiduciary duty, therefore, the two-year statute of limitations analysis of Weis does not apply to these counts. The individual defendants now argue that the statute of limitations should also bar Counts III and V, as they are also based upon the PACA trust. We disagree.

The Weis court further explained that its analysis of the statute of limitations, and the inapplicability of the continuing violation theory with respect to tort damages for breach of fiduciary duties, **does not apply** to claims where the beneficiaries seek to enforce trust obligations or preserve their share of the trust *res*. Id. Thus, we conclude, based upon Weis, and

due to continuing nature of a PACA trust - it remains in effect until the beneficiaries are paid in full - the continuing violation theory applies to claims where beneficiaries seek to enforce trust obligations or preserve their share of the trust *res*. See id.  Counts III and V fall within these types of claims.

For example, Count V seeks to enforce trust obligations and/or preserve the plaintiff's share of the trust *res.*  Specifically, Count V is a claim for constructive trust and disgorgement.  Plaintiff asserts that the individual defendants have improperly and illegally transferred substantial portions of the property and assets held in the PACA statutory trust.  (Id. at ¶ 33).  Plaintiff seeks an accounting and return of the assets.  (Id. at ¶ 34).  It also seeks that the court declare that the individual defendants hold all property and assets that they received from Defendant preferred in constructive trust.  (Id. at ¶ 35).

Likewise, Count III involves plaintiff's rights to the trust *res*, not tort damages.  Count III of the Complaint asserts a resultant trust.  Plaintiff avers that Preferred was the statutory trustee for the PACA statutory trust.  (Doc. 24, Amended Complaint at ¶ 23).  The individual defendants managed, controlled and operated Preferred.  (Id. at ¶ 24).  Plaintiff alleges that the individual defendants failed in their duties as the persons controlling the statutory trust.  (Id.)   The individual defendants allegedly commingled assets from the trust *res* with their own personal assets or have used trust assets to make investment for themselves or to use for their own benefit.  (Id. at ¶ 25).  Plaintiff avers that the trust assets that have been commingled create a secondary, substituted and resultant trust res.  (Id. at ¶ 26).

8

Thus, Counts III and V do not seek tort damages resulting from the defendants' breach of fiduciary duties. Rather, plaintiff seeks in these counts to have its rights in the trust *res* protected, accounted for and returned. Accordingly, because of the continuing nature of the PACA trust, the continuing violation theory applies and these claims are not time barred. The defendants' objections to the magistrate judges report and recommendation will be overruled and the report and recommendation will be adopted. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WEST COAST DISTRIBUTING, INC.,** : <br> **Plaintiff** : <br> : <br> v. : <br> : <br> **PREFERRED PRODUCE & FOOD SERVICE, INC.; PHILLIP ABDALLA; MAURICE J. ABDALLA; JOHN COOPER; ANGELA COOPER; and PAUL COOPER;** : <br> **Defendants** : | No. 3:09cv1323 <br><br> (Judge Munley) <br><br><br> (Magistrate Judge Blewitt) |

## ORDER

    **AND NOW**, to wit, this 29th day of June 2010, it is hereby **ORDERED** as follows:

    1) Magistrate Judge Blewitt's report and recommendation (Doc. 52) is hereby **ADOPTED**;

    2) The individual defendants' motions to dismiss (Doc. 26, 34 and 46) are **GRANTED** with regard to the Count IV of the complaint and **DENIED** with respect to Counts III and V of the complaint;

    3) The objections to the report and recommendation (Doc. 53) are **OVERRULED**; and

    4) The Clerk of Court is directed to remand this case to Magistrate Judge Blewitt for further proceedings.

                                            **BY THE COURT:**

                                            **s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**